**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of     )
    )     Civil Action No. 1:07-cv-07977-RJS
HARTFORD FIRE INSURANCE COMPANY,     )
    )     **PETITIONER'S REPLY TO**
    Petitioner,    )     **RESPONDENTS' CROSS-**
    )     **PETITION FOR JUDGMENT**
    )     **CONFIRMING ARBITRATION**
    )     **AWARD**
    -against-    )
    )
THE EVERGREEN ORGANIZATION, INC.     )
CHARLES A. CARONIA, GARY UPHOUSE,     )
CHARLES CARONIA, JR., and ANDREJS     )
KRUTAINIS,     )
    )
    Respondents.    )
    )
    )
    )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Petitioner Hartford Fire Insurance Company ("Hartford"), through its attorneys Stroock & Stroock & Lavan LLP, respectfully submits its Reply to Respondents The Evergreen Organization, Inc. ("Evergreen"), Gary Uphouse ("Uphouse"), Charles Caronia, Sr. ("Caronia"), Charles Caronia, Jr., and Andrejs Krutainis' (collectively "Respondents") Cross-Petition For Judgment Confirming Arbitration Award.

1.      Answering paragraph 1 of Respondents' Cross-Petition, Hartford admits that the underlying arbitration (the "Arbitration") involved disputes between Hartford and Respondents relating to Hartford's GAP insurance program.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 1 of the Cross-Petition.

2.      Answering paragraph 2 of Respondents' Cross-Petition, and on information and belief, Hartford admits the allegations set forth in paragraph 2 of the Cross-Petition.

3.      Answering paragraph 3 of Respondents' Cross-Petition, Hartford admits that in or about July 2000, Hartford acquired certain rights in the Reliance GAP insurance program and entered into certain agreements with Evergreen to retain Evergreen as the Program Manager and Claims Servicer for Hartford's GAP program.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 3 of the Cross-Petition.

4.      Answering paragraph 4 of Respondents' Cross-Petition, Hartford admits that the used car market suffered in the U.S. from 2001 to 2003 due to numerous conditions.  Except as expressly admitted, Hartford lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Cross-Petition, and on that basis, denies each and every allegation set forth therein.

5.      Answering paragraph 5 of Respondents' Cross-Petition, Hartford admits that on or about October 10, 2000, Hartford was assigned certain rights and obligations of the Reliance National Division of Reliance Insurance Company ("Reliance") under a Program Manager's Agreement and a Claims Service Agreement into which Reliance had entered with Evergreen and thereafter, on or about September 24, 2002, Hartford and Evergreen entered into a new Program Manager's Agreement (the "PMA") and Claims Servicing Agreement (the "CSA"). Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 5 of the Cross-Petition.

6.      Answering paragraph 6 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 6 of the Cross-Petition.

1

7.      Answering paragraph 7 of Respondents' Cross-Petition, Hartford admits that in or about 2004, Hartford began to exit the GAP insurance business and prior to that, Evergreen had collected enrollment fees on Hartford's behalf.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 7 of the Cross-Petition.

8.      Answering paragraph 8 of Respondents' Cross-Petition, Hartford admits that Evergreen served Hartford with a Demand for Arbitration on or about February 18, 2004, that Hartford served Evergreen with a Demand for Arbitration on or about April 30, 2004, that an arbitration hearing was held January 8-12, 2007, and that the Arbitration Panel issued an Interim Final Award on April 2, 2007, a Second Interim Final Award on July 9, 2007, and an Amended Second Interim Final Order on July 21, 2007.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 8 of the Cross-Petition.

9.      Answering paragraph 9 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 9 of the Cross-Petition.

10.     Answering paragraph 10 of Respondents' Cross-Petition, and on information and belief, Hartford admits the allegations set forth in paragraph 10 of the Cross-Petition.

11.     Answering paragraph 11 of Respondents' Cross-Petition, Hartford lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Cross-Petition, and on that basis, denies each and every allegation set forth therein.

12.     Answering paragraph 12 of Respondents' Cross-Petition, and on information and belief, Hartford admits the allegations set forth in paragraph 12 of the Cross-Petition.

13.     Answering paragraph 13 of Respondents' Cross-Petition, and on information and belief, Hartford admits the allegations set forth in paragraph 13 of the Cross-Petition.

14.     Answering paragraph 14 of Respondents' Cross-Petition, Hartford lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 14 of the Cross-Petition, and on that basis, denies each and every allegation set forth therein.

15.     Answering paragraph 15 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 15 of the Cross-Petition.

16.     Answering paragraph 16 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 16 of the Cross-Petition.

17.     Answering paragraph 17 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 17 of the Cross-Petition.

18.     Answering paragraph 18 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 18 of the Cross-Petition.

19.     Answering paragraph 19 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 19 of the Cross-Petition.

20.     Answering paragraph 20 of Respondents' Cross-Petition, Hartford admits that in or about July 2000, Hartford acquired certain rights in the Reliance GAP insurance program and entered into certain agreements with Evergreen to retain Evergreen as the Program Manager and Claims Servicer for Hartford's GAP program.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 20 of the Cross-Petition.

21.     Answering paragraph 21 of Respondents' Cross-Petition, Hartford admits that the used car market suffered in the U.S. from 2001 to 2003 due to numerous conditions.  Except as expressly admitted, Hartford lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Cross-Petition, and on that basis, denies each and every allegation set forth therein.

22.     Answering paragraph 22 of Respondents' Cross-Petition, Hartford admits that a drop in used car values may increase a GAP provider's exposure for GAP claims.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 22 of the Cross-Petition.

23.     Answering paragraph 23 of Respondents' Cross-Petition, Hartford admits that Hartford Senior Vice President David McElroy issued a July 7, 2000 statement regarding Hartford's acquisition of certain rights in Reliance's GAP Business, which document is the best evidence of its contents.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 23 of the Cross-Petition.

24.     Answering paragraph 24 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 24 of the Cross-Petition.

25.     Answering paragraph 25 of Respondents' Cross-Petition, Hartford admits that pursuant to the PMA, Evergreen agreed to faithfully perform the following duties for Hartford: solicitation of business, servicing of business, binding of risks, policy issuance, notice of risks bound, quotation of premium rates, collection and remittance of premiums for GAP business written, timely accounting for GAP business, act as a fiduciary for Hartford, maintain the confidentiality of all documents generated in conducting Hartford's GAP Program, promote and safeguard the best interests of Hartford, and keep and maintain for as long as Hartford requires complete records and accounts of all GAP business and transactions pertaining to policies written under the Hartford GAP Program.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 25 of the Cross-Petition.

26.     Answering paragraph 26 of Respondents' Cross-Petition, Hartford admits the allegations in paragraph 26 of the Cross-Petition.

27.     Answering paragraph 27 of Respondents' Cross-Petition, Hartford admits that the PMA set forth detailed provisions for Evergreen's obligations and duties regarding claims handling, claims management, and claims reporting.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 27 of the Cross-Petition.

28.     Answering paragraph 28 of Respondents' Cross-Petition, Hartford admits that Addendum #2 to the CSA provides that "Insurer, subject to its rights under this Agreement, shall pay Service Company a flat fee of Forty and no/100 ($40.00) dollars for each Claim

4

administered pursuant to Article III hereof." Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 28 of the Cross-Petition.

29.    Answering paragraph 29 of Respondents' Cross-Petition, Hartford denies the allegations in paragraph 29 of the Cross-Petition.

30.    Answering paragraph 30 of Respondents' Cross-Petition, Hartford denies the allegations in paragraph 30 of the Cross-Petition.

31.    Answering paragraph 31 of Respondents' Cross-Petition, Hartford admits that Evergreen improperly attempted to withhold funds to offset monies it claimed Hartford owed it for claims management fees, profit sharing, countersignature fees, and "terrorism" fees. Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 28 of the Cross-Petition.

32.    Answering paragraph 32 of Respondents' Cross-Petition, Hartford admits on January 10, 2003, it terminated the PMA and specifically canceled Evergreen's right to underwrite new insurance (i.e., issue new policies) on Hartford's behalf. Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 32 of the Cross-Petition.

33.    Answering paragraph 33 of Respondents' Cross-Petition, Hartford denies the allegations in paragraph 33 of the Cross-Petition.

34.    Answering paragraph 34 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 34 of the Cross-Petition.

35.    Answering paragraph 35 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 35 of the Cross-Petition.

36.    Answering paragraph 36 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 36 of the Cross-Petition.

37.    Answering paragraph 37 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 37 of the Cross-Petition.

38.     Answering paragraph 38 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 38 of the Cross-Petition.

39.     Answering paragraph 39 of Respondents' Cross-Petition, Hartford admits that Gary Uphouse, Charles Caronia, Sr., Charles Caronia, Jr., and Andrejs Krutainis's (collectively, the "Individual Respondents") refused to participate in the arbitration until Hartford obtained from the U.S. District Court, Southern District of New York, an Order compelling them to appear in arbitration.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 39 of the Cross-Petition.

40.     Answering paragraph 40 of Respondents' Cross-Petition, Hartford admits that on April 8, 2005, the Arbitration Panel issued an Order, by which it declined to exercise jurisdiction over the Individual Respondents and further advised that "[t]he Panel has also taken notice of the issues raised and would grant leave, should either party feel compelled to pursue a federal court evidentiary hearing on the issue of whether the Individuals should be joined to this arbitration under the Program Managers [sic] Agreement."  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 40 of the Cross-Petition.

41.     Answering paragraph 41 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 41 of the Cross-Petition.

42.     Answering paragraph 42 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 42 of the Cross-Petition.

43.     Answering paragraph 43 of Respondents' Cross-Petition, Hartford admits that the Arbitration Panel issued its Interim Final Award on April 2, 2007, a true and correct copy of which is attached to Respondents' Cross-Petition as Exhibit "D," pursuant to which Hartford was awarded, amongst other items, 75% of its attorney's fees and costs, "excluding costs related to [Hartford's appointed arbitrator] Mr. Walsh."  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 43 of the Cross-Petition.

44.     Answering paragraph 44 of Respondents' Cross-Petition, Hartford admits it submitted an application for an award of attorney's fees and costs, that Respondents opposed that application, and that the Arbitration Panel issued its Second Interim Final Award on July 9, 2007, a true and correct copy of which is attached to Respondents' Cross-Petition as Exhibit "E," pursuant to which Hartford was awarded 75% of its attorney's fees and costs, less "certain costs associated with Mr. Walsh." Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 44 of the Cross-Petition.

45.     Answering paragraph 45 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 45 of the Cross-Petition.

46.     Answering paragraph 46 of Respondents' Cross-Petition, Hartford admits that the Arbitration Panel awarded Hartford a total of $6,661,760.91 ($5,854,453 in damages and $807,307.91 in attorney's fees and costs) against Evergreen and its principals based on alter ego liability. Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 46 of the Cross-Petition.

47.     Answering paragraph 47 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 47 of the Cross-Petition.

48.     Answering paragraph 48 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 48 of the Cross-Petition.

49.     Answering paragraph 49 of Respondents' Cross-Petition, Hartford denies the allegations in paragraph 49 of the Cross-Petition.

50.     Answering paragraph 50 of Respondents' Cross-Petition, Hartford denies the allegations in paragraph 50 of the Cross-Petition.

51.     Answering paragraph 51 of Respondents' Cross-Petition, Hartford denies the allegations in paragraph 51 of the Cross-Petition.

52.     Answering paragraph 52 of Respondents' Cross-Petition, Hartford incorporates by reference paragraphs 1 through 51, inclusive, of this Answer, as though fully set forth herein.

53.     Answering paragraph 53 of Respondents' Cross-Petition, Hartford admits the allegations set forth in paragraph 53 of the Cross-Petition.

54.     Answering paragraph 54 of Respondents' Cross-Petition, Hartford admits that judgment should be entered in the amount of  $6,661,760.91 against Evergreen, Caronia, and Uphouse, jointly and severally based on alter ego liability.  Except as expressly admitted, Hartford denies each and every allegation set forth in paragraph 54 of the Cross-Petition.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Petition, and each and every purported cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Hartford is informed and believes, and based thereon alleges, that Respondent/Cross-Petitioners are estopped to seek certain relief sought in the Cross-Petition.

### THIRD AFFIRMATIVE DEFENSE

Hartford is informed and believes, and based thereon alleges, that Respondent/Cross-Petitioners waived their rights to seek certain relief sought in the Cross-Petition.

### FOURTH AFFIRMATIVE DEFENSE

The Cross-Petition, and/or portions of the relief requested therein, is barred in whole or in part to the extent that the Respondent/Cross-Petitioners seek relief against Hartford not allowed under applicable law or in violation of public policy.

### FIFTH AFFIRMATIVE DEFENSE

Hartford may have other affirmative defenses of which it is presently unaware.  Hartford therefore reserves the right to amend its Reply to allege additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Hartford prays as follows:

1.      That the Cross-Petition and all causes of against Hartford therein be dismissed with prejudice;

2.      That Respondent/Cross-Petitioners take nothing by this action;

3.      That this Court grant Hartford such other relief as the Court deems just and proper.


Dated: October 31, 2007                    Respectfully submitted,

                                           STROOCK & STROOCK & LAVAN LLP


                                           By: _____/s/_____
                                                   James E. Fitzgerald (JF–5594)
                                                   (A Member of the Firm)
                                                   Michele Jacobson (MJ–4297)
                                                   Seema Misra (SM–2094)
                                           *Attorneys for Hartford Fire Insurance Company*
                                           180 Maiden Lane
                                           New York, New York 10038-4982
                                           (212) 806-5400

9