# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

HARTFORD FIRE INSURANCE COMPANY,

    Petitioner,

vs.

THE EVERGREEN ORGANIZATION, INC., CHARLES A CARONIA, GARY UPHOUSE, CHARLES CARONIA, JR., and ANDRES KRUTIANIS,

    Respondents.

NO. 04 CV 3333 (LAK)

## AFFIRMATION OF GARY UPHOUSE IN OPPOSITION TO PRELIMINARY INJUNCTION AND ATTACHMENT ORDER IN AID OF ARBITRATION

I, Gary Uphouse, former president and forty percent shareholder of The Evergreen Organization, Inc., submit this affirmation in opposition and explanation to the application of the Petitioner, Hartford Fire Insurance Company, (Hartford), for a preliminary injunction in aid of arbitration.

1. At the close of the business day of May 3, 2004, The Evergreen Organization maintained two bank accounts with Provident National Bank (PNC) and one account with National Penn Bank (NPB). The account numbers and balances are as follows:

NPB Account No. 21561-121-7 - Available Balance $356,917.35

PNC Account No. 86-1219-3022 and working cash sweep account that use the same number – Available Balance $1,617.24.

2. The sum of $13,580 was sent to the Hartford by way of overnight mail on May 11, 2004 as Evergreen believed that they had a continuing obligation to pay Hartford.

3. Counsel for Evergreen has advised Gary Uphouse that the monies paid to Hartford were subject to the TRO entered by this Honorable Court on May 4, 2004 and counsel instructed Gary Uphouse to return the sum of $13,580 to the account so that it could not be construed that Evergreen or any of the parties to the TRO were not in compliance. Counsel further advised Gary Uphouse that he would request that the Court allow the return of the sum to Gary Uphouse as it does not represent additional monies that might be owed to Hartford and would represent double payment.

4. After the conclusion of business with Hartford, Evergreen established a relationship with the Arch Insurance Group to continue to write GAP coverage. This relationship ceased when Evergreen closed its doors in April of 2004.

A portion of the monies establishing the escrow account clearly belong to Arch Insurance Group as a payment of premium owed by

Evergreen. This sum is $80,750 and is presently held in the escrow account which is subject to the TRO.

5. It is requested that the Court allow Evergreen to pay the sum of $80,750 to Arch Insurance Group as payment of this premium.

6. It is the position of Evergreen that all monies that are owing Hartford have been paid or are the subject of the already demanded arbitration. Evergreen has no other funds and requests that the Court allow payment of reasonable attorney fees to be taken from the restricted account.

7. Finally, Evergreen and Gary Uphouse agree with the position set forth in detail in the Affirmation filed by counsel, David Kittredge, and believe that the Injunction should be denied. However, in the event the Court deems it necessary to grant some of the requested relief, it is urged that the Court will recognize the merits of Evergreen to go forward in defense of this litigation and the arbitration as well as the position set forth above relating to other identified monies held in the restricted account.

_____
GARY UPHOUSE

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. SAGER, Notary Public
Media Twp., Delaware County
My Commission Expires May 28, 2007

Brenda M. Sager

