

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

HARTFORD FIRE INSURANCE COMPANY,

                        Petitioner,

-against-

THE EVERGREEN ORGANIZATION, INC.,
CHARLES A. CARONIA, GARY UPHOUSE,
CHARLES CARONIA, JR., AND ANDREJS
KRUTAINIS,

                        Respondents-Cross-Petitioners.

No. 07 Civ. 7977 (RJS)

ORDER RE: REMAND TO
ARBITRATION PANEL FOR
CLARIFICATION OF ARBITRATION
AWARD

RICHARD J. SULLIVAN, District Judge:

Petitioner Hartford Fire Insurance Company ("Hartford") and Respondents The Evergreen Organization ("Evergreen"), Charles Caronia, Sr., Gary Uphouse, Charles Caronia, Jr., and Andrejs Krutainis (collectively, the "Individual Respondents") are parties to an arbitration that was heard in New York, New York on or about January 8 through 12, 2007. The Panel issued three awards: an Interim Final Award, a Second Interim Final Award, and an Amended Second Interim Final Order (collectively, the "Arbitration Award").

On or about August 22, 2007, Hartford filed a Petition for Judgment Confirming Arbitration Award. On or about October 16, 2007, Evergreen and the Individual Respondents filed a Cross-Petition for Judgment Confirming Arbitration Award.

The Court, having conducted a conference with counsel to discuss the petition, concludes that the Arbitration Award is indefinite, incomplete, or ambiguous, such that it creates confusion as to what award the Court is being asked to enforce. Specifically, the Court finds that the Arbitration Award is ambiguous to the extent that it does not clearly set forth whether the

amount of the award in favor of Hartford is against the corporate entity (Evergreen) only or against the two individual shareholders (Messrs. Caronia, Sr. and Uphouse) such that these shareholders are jointly and severally liable for the amount of the award against Evergreen. Hartford's Petition contends that under the Arbitration Award, Evergreen's corporate veil is pierced and Evergreen's sole shareholders, Messrs. Caronia, Sr., and Uphouse, are jointly and severally liable for the damages in the amount of $6,060,550.91 assessed against Evergreen and awarded to Hartford. Evergreen's Cross-Petition contends that with the exception of Mr. Uphouse's individual liability for the amounts of $501,210 and $100,000 in fees and costs, neither Mr. Uphouse nor any other individual is liable for any sum to Hartford.

The Second Circuit has recently emphasized that in the case of awards that are indefinite, incomplete, or ambiguous, the appropriate course of action is to remand them to the panel for clarification, so that the court will know exactly what it is being asked to enforce. *See Rich v. Spartis*, 516 F.3d 75, 83 (2d Cir. N.Y. 2008); *Am. Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985). In ordering a clarification here, the Court does not require the arbitrators to state their reasons, but only to explain the award in a way sufficient to allow effective judicial review. *See Rich*, 516 F.3d at 83; *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 894 (2d Cir. 1985).

Accordingly, IT IS HEREBY ORDERED that the Panel shall issue a clarification of its award as follows:

A.   Is Mr. Uphouse liable for any portion of the Arbitration Award in excess of $601,210?

   YES_____          NO_____

If yes, what is Mr. Uphouse's total liability, including the amount of $601,210?

$_____

B.  Is any individual, other than Mr. Uphouse, liable for any portion of the Arbitration Award?

YES_____          NO_____

If yes, identify each such individual and the amount of the liability.

| Individual | Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

The Parties shall serve a copy of this Order via e-mail and first class mail on the Panel within three days from the date of entry of this Order. The Panel shall serve its clarification of this matter on this Court and the parties within thirty days of this Order.

SO ORDERED.

Dated:   May 5, 2008
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3