# MARSHALL, CONWAY, WRIGHT & BRADLEY
A PROFESSIONAL CORPORATION

116 JOHN STREET
NEW YORK, NEW YORK 10038

(212) 619-4444
FAX (212) 962-2647
Email: mcw@mcwpc.com
Web: www.mcwpc.com

JEFFREY A. MARSHALL
ROBERT J. CONWAY
JOHN R. WRIGHT
CHRISTOPHER T. BRADLEY
NORMAN J. GOLUB*
MICHAEL S. GOLLUB△

*ALSO ADMITTED IN N.J.
△ALSO ADMITTED IN CT.
□ALSO ADMITTED IN WASHINGTON, D.C.
▲ALSO ADMITTED IN VIRGINIA
**OF COUNSEL

GUY P. DAUERTY
GREGORY S. GASTMAN*
AMANDA GOLD
CHRISTOPHER HOUGH*
CHRISTOPHER J. MCGUIRE△□
MARCI D. MITKOFF*
STACEY H. SNYDER

CRISTIN SOMMERS*
STEVEN L. SONKIN
KELLY STOKES
JOHN C. SZEWCZUK**
JOHN L. TARNOWSKI
AMY S. WEISSMAN*
TARA WOLF*
SOO-HA YANG

IN NEW JERSEY:
ONE EXCHANGE PLACE
SUITE 1000
JERSEY CITY, NJ 07302
(201) 521-3170
FAX (201) 521-3180

May 13, 2008

**<u>Via Hand Delivery and
Electronic Filing</u>**

Honorable Richard J. Sullivan
United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007

      Re:    *Hartford Fire Insurance Co. v. The Evergreen Organization Inc., et al.*,
             <u>Docket No.: 1:07-cv-07977</u>

Dear Judge Sullivan:

      We are constrained to immediately bring to this Court's attention Mr. James E. Fitzgerald's blatant and impermissible attempt to influence the Arbitration Panel's consideration of this Court's May 5, 2008 Order re: Remand for Clarification of Arbitration Award. Mr. Fitzgerald *sua sponte* and in violation of this Court's Order has requested to submit additional briefing to the Arbitration Panel on an issue that he now contends was not raised. The matter before the District Court is a Petition and Cross-Petition to Confirm pursuant to Federal Arbitration Act § 9. Neither party moved to vacate of modify the award pursuant to Federal Arbitration Act §§ 10, 11, which is time barred in any event.

      The Arbitration Panel yesterday issued the following:

           (1) A cover letter to this Court and counsel;
           (2) Clarification of Interim Final Order; and
           (3) Check-Off response to this Court's Order re: Remand to Arbitration Panel for
               Clarification of Arbitration Award.

      A copy of the Mr. Thirkill's May 12, 2008 letter, the Arbitration Panel's Clarification of Interim Final Order and Check-Off response to this Court's Order re: Remand to Arbitration Panel for Clarification of Arbitration Award is attached hereto as Exhibit "A".

      After the Arbitration Panel issued these rulings, Mr. Fitzgerald had an *ex parte*

Honorable Richard J. Sullivan
May 13, 2008
Page 2

communication with his party appointed arbitrator, Mr. Walsh. This prompted Mr. Walsh to e-mail the other members of the Arbitration Panel. This e-mail was inadvertently sent to all parties, prompting Mr. Walsh to apologize to all concerned. A copy of this e-mail chain is attached as Exhibit "B".

We explicitly warned Mr. Fitzgerald last night *not* to communicate with the Arbitration Panel. A copy of our May 12, 2008 e-mail is attached hereto as Exhibit "C". This afternoon, we received a copy of Mr. Fitzgerald's letter to the Arbitration Panel. A copy of Mr. Fitzgerald's May 13, 2008 letter is attached hereto as Exhibit "D". The content of this letter is outrageous enough; contains numerous falsehoods and is a transparent effort to manipulate the matter currently before this Court and must not be countenanced.

Even a cursory review of the documents submitted herewith indicates that the Arbitration Panel's intent was *not* to impose liability on any Individual Respondent (except Mr. Uphouse, to a limited extent). While Hartford may understandably not like the outcome, it cannot undertake to poison the process.

The Arbitration Panel is *functus officio*, except for the limited purpose of clarifying its Award pursuant to this Court's Order. This Court has "Ordered" the Arbitration Panel to issue a clarification of its award. The Arbitration Panel has absolutely no legal authority or jurisdiction to consider an *ex parte* request from Hartford (or us for that matter) for wholesale reconsideration of its prior award. *See Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991) ("[O]nce arbitrators have finally decided the submitted issues . . . their authority over those questions is ended.").

We would respectfully request that this Court immediately re-affirm to the Arbitration Panel that only the matter before it is this Court's Order and that its jurisdiction is limited to responding to same. In fact, given the Arbitration Panel's Check-Off response to this Court's May 5, 2008 Order (which no one disputes), we submit that there is nothing further for the Arbitration Panel to do and respectfully request that the Court direct the clerk to enter the Order so that we may move to have it confirmed.

By copy of this letter to Mr. Fitzgerald, we demand that he cease all further communications with the Arbitration Panel pending a response from this Court.

Respectfully submitted,

*Christopher T Bradley*
Christopher T. Bradley (CTB-4725)

CTB/msg
Encl.

Honorable Richard J. Sullivan
May 13, 2008
Page 3

cc:	David Thirkill (via e-mail (w/o encl.))
	Bernd Heinze, Esq. (via e-mail (w/o encl.))
	Andy Walsh, Esq. (via e-mail (w/o encl.))
	Philip Gilligan, Esq. (via e-mail (w/o encl.))
	James Fitzgerald, Esq. (via e-mail (w/o encl.))

# EXHIBIT A

David A. Thirkill
24 Powder Hill Road
Bedford, NH 03110

May 12, 2008

Honorable Richard J. Sullivan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 615
New York, NY 10007

Christopher T. Bradley, Esq.
Michael Gollub, Esq.
Marshall, Conway & Wright PC
116 John Street
New York, NYá 10038

James E. Fitzgerald, Esq.
S. V. Stuart Johnson, Esq.
Stroock, Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, CAá 90067-3086

Re:   In the Matter of the Application of HARTFORD FIRE INSURANCE COMPANY, Petitioner against THE EVERGREEN ORGANIZATION, et. al., Respondents and Cross-Petitioners
      No. 07 Civ. 7977 (RJS)

Dear Judge Sullivan and Counsel:

On behalf of the Arbitration Panel organized in respect of this matter, and in specific response to the Court's Order of May 5, 2008, I attach the Panel's Clarification Order entered May 12, 2008, together with an attachment responding to the Court's specific inquiries.

Respectfully submitted,

David A. Thirkill
Umpire
For the Panel

In the Matter of the Arbitration Between
Hartford Fire Insurance Company,
Claimant and Counter Respondent

And

The Evergreen Organization, Inc.
Charles Caronia, Sr.
Charles Caronia, Jr.
Gary Uphouse
Andrejs Krutainis
Respondents and Counter Claimants.

Bernd G. Heinze, Arbitrator
Andrew S. Walsh, Arbitrator
David Thirkill, Umpire

CLARIFICATION OF INTERIM FINAL ORDER

For purposes of clarification, no individual Respondent is liable, in any capacity, for any portion of the $6,060,550.91 award imposed upon the Evergreen Organization, Inc.

BY THE PANEL:
Dated: May 12, 2008

_____
David Thirkill, Umpire


_____
Andrew S. Walsh, Arbitrator


_____
Bernd G. Heinze, Esq., Arbitrator

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

HARTFORD FIRE INSURANCE COMPANY,

                        Petitioner,

-against-

THE EVERGREEN ORGANIZATION, INC.,
CHARLES A. CARONIA, GARY UPHOUSE,
CHARLES CARONIA, JR., AND ANDREJS
KRUTAINIS,

                  Respondents-Cross-Petitioners.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/08

No. 07 Civ. 7977 (RJS)

ORDER RE: REMAND TO
ARBITRATION PANEL FOR
CLARIFICATION OF ARBITRATION
AWARD

RICHARD J. SULLIVAN, District Judge:

Petitioner Hartford Fire Insurance Company ("Hartford") and Respondents The Evergreen Organization ("Evergreen"), Charles Caronia, Sr., Gary Uphouse, Charles Caronia, Jr., and Andrejs Krutainis (collectively, the "Individual Respondents") are parties to an arbitration that was heard in New York, New York on or about January 8 through 12, 2007. The Panel issued three awards: an Interim Final Award, a Second Interim Final Award, and an Amended Second Interim Final Order (collectively, the "Arbitration Award").

On or about August 22, 2007, Hartford filed a Petition for Judgment Confirming Arbitration Award. On or about October 16, 2007, Evergreen and the Individual Respondents filed a Cross-Petition for Judgment Confirming Arbitration Award.

The Court, having conducted a conference with counsel to discuss the petition, concludes that the Arbitration Award is indefinite, incomplete, or ambiguous, such that it creates confusion as to what award the Court is being asked to enforce. Specifically, the Court finds that the Arbitration Award is ambiguous to the extent that it does not clearly set forth whether the

amount of the award in favor of Hartford is against the corporate entity (Evergreen) only or against the two individual shareholders (Messrs. Caronia, Sr. and Uphouse) such that these shareholders are jointly and severally liable for the amount of the award against Evergreen. Hartford's Petition contends that under the Arbitration Award, Evergreen's corporate veil is pierced and Evergreen's sole shareholders, Messrs. Caronia, Sr., and Uphouse, are jointly and severally liable for the damages in the amount of $6,060,550.91 assessed against Evergreen and awarded to Hartford. Evergreen's Cross-Petition contends that with the exception of Mr. Uphouse's individual liability for the amounts of $501,210 and $100,000 in fees and costs, neither Mr. Uphouse nor any other individual is liable for any sum to Hartford.

The Second Circuit has recently emphasized that in the case of awards that are indefinite, incomplete, or ambiguous, the appropriate course of action is to remand them to the panel for clarification, so that the court will know exactly what it is being asked to enforce. *See Rich v. Spartis*, 516 F.3d 75, 83 (2d Cir. N.Y. 2008); *Am. Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985). In ordering a clarification here, the Court does not require the arbitrators to state their reasons, but only to explain the award in a way sufficient to allow effective judicial review. *See Rich*, 516 F.3d at 83; *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 894 (2d Cir. 1985).

Accordingly, IT IS HEREBY ORDERED that the Panel shall issue a clarification of its award as follows:

A. Is Mr. Uphouse liable for any portion of the Arbitration Award in excess of $601,210?
   YES_____          NO __✓__

If yes, what is Mr. Uphouse's total liability, including the amount of $601,210?

$ __N/A__

B. Is any individual, other than Mr. Uphouse, liable for any portion of the Arbitration Award?

YES _____          NO __✓__

If yes, identify each such individual and the amount of the liability.

| Individual | Amount |
|---|---|
| | |
| | |
| | |
| | |

The Parties shall serve a copy of this Order via e-mail and first class mail on the Panel within three days from the date of entry of this Order. The Panel shall serve its clarification of this matter on this Court and the parties within thirty days of this Order.

SO ORDERED.

Dated:    May 5, 2008
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT B

From: Andy Walsh [mailto:andy@walshadr.com]
Sent: Monday, May 12, 2008 4:38 PM
To: 'David Thirkill'; 'Fitzgerald, James E.'; 'Christopher Bradley'
Cc: 'Bernie Heinze'; 'michael gollub'; 'philip gilligan'; 'Stuart Johnson'
Subject: RE: Hartford Fire Insurance Company v. The Evergreen Organization, et al.

Gentlemen – I wish you had waited for my response before sending out this order. I don't think it accurately reflects what we intended in our original order.

I believe that our intent was that Evergreen was responsible for losses of $6 million and change, and that Uphouse was responsible for $600,000 and change. Those amounts were not cumulative – the $600,000 was part of the $6 million. Our clarification order could easily be read to mean that Uphouse is not responsible for any part of the $6 million.

If you disagree, please let me know. Otherwise, I think we have some explaining to do.

Jim Fitzgerald has already emailed me, asking me whether I can talk to him. I don't want to talk to him until we the panel have reached a common understanding on what we were trying to do with that order.

Thanks.

Andy

Marcela Cordova

| | |
|---|---|
| From: | Andy Walsh [andy@walshadr.com] |
| Sent: | Monday, May 12, 2008 5:11 PM |
| To: | 'Andy Walsh'; 'David Thirkill'; 'Fitzgerald, James E.'; Christopher Bradley |
| Cc: | 'Bernie Heinze'; Michael Gollub; 'philip gilligan'; 'Stuart Johnson' |
| Subject: | RE: Hartford Fire Insurance Company v. The Evergreen Organization, et al. |

Dear Counsel:

I see that I inadvertently copied you on what was intended to be a communication solely to the other panel members. I apologize for this embarrassing error.

The panel will be conferring and will get back to you as soon as possible.

Andy Walsh

# EXHIBIT C

## Michael Gollub

**From:** Michael Gollub
**Sent:** Monday, May 12, 2008 6:31 PM
**To:** 'Fitzgerald, James E.'
**Cc:** Michael Gollub; philip gilligan
**Subject:** Hartford Fire Ins. Co. v. Evergreen, et al.

Jim,

We acknowledge receipt of the Arbitration Panel's Clarification Order and response to Judge Sullivan's Order re: Remand to Arbitration Panel for Clarification of Arbitration Award. We also acknowledge receipt of Andy Walsh's inadvertent e-mail of today, which references your attempt to contact him with respect to this matter.

We strongly believe that any contact with the Arbitration Panel at this time is impermissible and inappropriate. We would respectfully request that you refrain from any *ex parte* communications with the Arbitration Panel. While the Arbitration Panel's Clarification Order and response to Judge Sullivan's Order re: Remand to Arbitration Panel for Clarification of Arbitration Award are clear and self-explanatory, any questions that you may have with respect to this matter must be directed to Judge Sullivan *not* the Arbitration Panel. As a professional courtesy, we have not circulated this e-mail to the Arbitration Panel or the District Court.

Very truly yours,


Christopher T. Bradley

# EXHIBIT D

# STROOCK

May 13, 2008

James E. Fitzgerald
Direct Dial 310-556-5831
Direct Fax 310-556-5959
jfitzgerald@stroock.com

Mr. David Thirkill
The Thirkill Group
24 Powder Hill Road
Bedford, NH 03100

Re: Hartford v. Evergreen Organization

Dear Mr. Thirkill:

We have reviewed the "Clarification of Interim Final Order" that you sent on behalf of the Panel yesterday, as well as the e-mails from Andy Walsh and your last e-mail indicating that you will send out an Order "once all the Panel have agreed a final text." We are concerned that if the order as it appeared in your e-mail of yesterday is the Panel's final interim order a manifest injustice will have occurred. This is because, respectfully, the proposed Clarification would be at odds with the Panel's clear holding stated in the Award as follows:

> "6. Hartford also asserted that Messrs. Uphouse, Caronia Sr., Krutainis and Caronia, Jr. ("the Individuals") should be held personally liable for the damages alleged by Hartford in this arbitration. The Individuals assert they are protected by the corporate structure they created.
>
> i. After much deliberation and extensive review of the cases cited by the parties, the majority of the Panel are of the opinion that Messrs. Uphouse and Caronia, the shareholders of the corporation, disregarded the corporate form of Evergreen in virtually all respects. They treated the corporation as their "personal sand box". Accordingly the Panel finds that Messrs Uphouse and Caronia Sr. are not protected by the Evergreen corporate structure."

LA 51052003v1

Mr. David Thirkill
May 13, 2008
Page 2

Pursuant to the Arbitration Award, the Panel retained jurisdiction of this Matter "until it has been advised by the parties that the payments ordered in this Order and any subsequent Order called for in Paragraph 8 have been paid". Please be advised that other than roughly a $400,000 payment from Evergreen, which we were told by their counsel were the only assets Evergreen had, the bulk of the award appears to be unrecoverable against Evergreen. Therefore, the issue of collectability from the Individual shareholders who controlled Evergreen is paramount.

This issue of the Individual shareholder liability, in light of the Panel's finding of the Evergreen corporate veil being pierced has not been briefed since the Panel's award. Accordingly, at the very least and in the interests of fairness to the parties, we request that the parties be permitted to submit specific briefs on this issue via a motion for clarification of the Panel's award and a request for oral argument to properly flush out this issue. We have all spent too much time, effort and resources over the last four years to not have this issue properly and thoroughly aired.

If you have any questions, please don't hesitate to contact us.

Thank you for your consideration.

Respectfully,

James E. Fitzgerald
JEF:lrb

cc: Bernd G. Heinze, Esq.
　　Andrew S. Walsh, Esq.
　　Christopher T. Bradley, Esq.
　　Philip M. Gilligan, Esq.
　　Michael Gollub

LA 51052003v1